IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLET BREWER,[1]

        Plaintiff,                    No. 2:12-cv-0130 KJN P

    vs.

EDMUND G. BROWN, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is state prisoner proceeding without counsel. Plaintiff Brewer consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c). On January 12, 2012, plaintiff Brewer filed a motion for temporary restraining order/preliminary injunction. Plaintiff seeks an expedited review of the complaint, and asks the court to enjoin plaintiff's transfer from the California Medical Facility in Vacaville, California, "and/or reverse the transfers of plaintiffs who [already] suffer[ed] adverse transfers." (Dkt. No. 2 at 3.)

        Plaintiff states that absent a court order, "plaintiff(s)" will be "exposed to unnecessary and substantial risks of irreparable medical harm and/or physical injury." (Dkt. No. 2 at 2.) As supporting documentation, plaintiff appends records for a "proposed plaintiff" named

---

[1] Although plaintiff presented the complaint as a class action, this action is proceeding solely as to plaintiff Brewer, pursuant to the court's order issued herewith.

1

Darrin Norman, including an administrative appeal claiming Mr. Norman's endorsement for transfer was based on an inaccurate classification score. (Dkt. No. 2 at 5.)

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an

1  order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v.
2  Hazeltine Research, Inc., 395 U.S. 100 (1969).

3        Plaintiff Brewer's motion does not contain specific information as to how the
4  transfer to a different prison will subject plaintiff to irreparable medical harm or physical injury.
5  Indeed, the motion is entirely devoid of facts to enable the court to assess the four elements of the
6  Winter test set forth above.  As set forth above, plaintiff must provide sufficient factual
7  information to demonstrate plaintiff has a fair chance of success on the merits.  Moreover,
8  although Darrin Norman is identified as a "proposed plaintiff" in the instant motion, Mr. Norman
9  is not included in the original complaint, and did not sign either the motion or the complaint.
10 Finally, it appears plaintiff was transferred to High Desert State Prison after the filing of the
11 instant motion.

12       In addition, based on plaintiff's allegations in the complaint in which he is
13 challenging an allegedly adverse transfer, it does not appear likely plaintiff will succeed on the
14 merits.  Prison officials have broad authority to hold a prisoner at a particular institution, or to
15 transfer a prisoner to another institution.  Meachum v. Fano, 427 U.S. 215 (1976); Montanye v.
16 Haymes, 427 U.S. 236 (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by
17 his conviction that the state may generally confine or transfer him to any of its institutions,
18 indeed, even to a prison in another state, without offending the Constitution."  Bravo v.
19 Hewchuck, 2006 WL 3618023, *1 (N.D. Cal. 2006) (citations omitted); see also Olim v.
20 Wakinekona, 461 U.S. 238, 245-246 (1983) (interstate prison transfer does not, standing alone,
21 implicate Due Process Clause).

22       Accordingly, plaintiff Brewer's January 12, 2012 motion (dkt. no. 2) is denied
23 without prejudice.

24 DATED:  March 28, 2012

25       _____
      KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

26 brew0130.pi