IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLET BREWER, MICHAEL BROWN, J. WARREN,

    Plaintiffs,

vs.

EDMUND G. BROWN, et al.,

    Defendants.

No. 2:12-cv-0130 KJN P

ORDER

/

    Plaintiffs are state prisoners, proceeding without counsel or "pro se," with a civil rights action pursuant to 42 U.S.C. § 1983. This lawsuit is brought by plaintiff Brewer as a class action. Plaintiff Brewer, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff Brewer cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Thus, this action will not be construed as a class action.

    This court has determined that each plaintiff should proceed separately on his own

claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991), superseded by statute on other grounds.

In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, confined at California Medical Facility in Vacaville, California, at the time of filing. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Colet Kit Brewer will proceed in this action, while plaintiffs Michael Brown and J. Warren will proceed in two civil actions to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action; plaintiffs Brown and Warren must submit the filing fee or file a request to proceed in forma pauperis.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Because the claims will be severed, each plaintiff will be given thirty days to file, in his own action, an amended complaint, and plaintiffs Brown and Warren must file an application for leave to proceed in forma pauperis or pay the filing fee, using the forms provided by the court with this order. Each plaintiff is cautioned that if an individual action proceeds

1  further it is probable that each plaintiff will incur a liability in the amount of the $350.00 filing
2  fee, which amount will be collected from the inmate's prison trust account.[1]  See 28 U.S.C. §
3  1915(b).

4  Prison officials have broad authority to hold a prisoner at a particular institution, or to transfer a prisoner to another institution.  Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution."  Bravo v. Hewchuck, 2006 WL 3618023, *1 (N.D. Cal. 2006) (citations omitted); see also Olim v. Wakinekona, 461 U.S. 238, 245-246 (1983) (interstate prison transfer does not, standing alone, implicate Due Process Clause).

Finally, plaintiffs request appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, because the court is severing the parties and requiring the filing of amended complaints, the motion for appointment of counsel is premature as the court cannot find the required exceptional circumstances exist.  The request for the appointment of counsel is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiffs Brown and Warren are severed from the claims of plaintiff Brewer.

---

[1] See Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

      2. Plaintiff Brewer shall proceed as the sole plaintiff in case No. 2:12-cv-0130 KJN P.

      3. The Clerk of the Court is directed to:

          a. Open two separate civil actions for plaintiffs Brown and Warren;

          b. Assign each action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

          c. File and docket a copy of this order in each of the two files opened for the plaintiffs listed in number 3a above;

          d. Place a copy of the complaint and application to proceed in forma pauperis by a prisoner, filed January 12, 2012, in each of the two files opened for the plaintiffs listed in number 3a above;

          e. Strike from the caption and/or page two of each plaintiff's complaint all plaintiffs' names except the name of the individual plaintiff proceeding in the action;

          f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

      4. Each plaintiff's complaint is dismissed.

      5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983; and to send to plaintiffs Michael Brown, T-70229, and J. Warren, G-46300, a new Application to Proceed In Forma Pauperis By a Prisoner.

      6. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint, and plaintiffs are granted thirty days to file a new application to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of

his amended complaint.  Failure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

      7.  Plaintiffs' January 12, 2012 request for appointment of counsel (dkt. no. 1) is denied.

DATED:  March 28, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brew0130.2

1